## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **TERRENCE K. WILLIAMSON** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 07-1471 (RJL)** |
| | ) | |
| **CONDOLEEZZA RICE** | ) | |
| | ) | |
| **Secretary of State** | ) | |
| **United States of America,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

## ANSWER

Defendant Condoleezza Rice, in her official capacity as Secretary of State, hereby answers plaintiff's Complaint as follows:

### FIRST DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted.

### SECOND DEFENSE

This Court lacks jurisdiction over certain claims in this action as plaintiff has not timely exhausted his administrative remedies or failed to comply with other mandatory filing requirements as to certain claims.

### THIRD DEFENSE

Plaintiff failed to mitigate damages that he may have incurred.

### FOURTH DEFENSE

Any award of compensatory damages is subject to and limited by 42 U.S.C. § 1981a(b)(3).

## FIFTH DEFENSE

Defendant responds to the allegations raised in the numbered paragraphs of the Complaint as follows:

1. Defendant denies the allegations set forth in paragraph 1 except to admit that plaintiff is an African American member of the Senior Foreign Service and that plaintiff was not selected for the position of Chief Information Security Officer ("CISO").

2. The phrase "categorical endorsement" is not susceptible of a reasoned construction and the clause containing that phrase is therefore denied. Defendant denies all remaining allegations set forth in paragraph 2.

3. Defendant denies the allegations of paragraph 3, except to admit that in November 2005, within one week of meeting plaintiff, prior to assuming the position of Chief Information Officer, and prior to having the chance to evaluate the needs of the position and of the Bureau of Information Resource Management ("IRM"), James Vanderhoff indicated his understanding that plaintiff was the strongest candidate for the Chief Information Security Officer position.

4. Defendant denies the allegations in the first sentence of paragraph 4, except to admit that the Agency reclassified the Chief Information Security Officer position from the Senior Foreign Service to the Senior Executive Service and that Mr. Vanderhoff denied plaintiff's request to curtail his assignment as Deputy Executive Director. Defendant denies the allegations in the second sentence except to admit that plaintiff was not an eligible bidder for the position of Chief Information Security Officer.

5. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 5, except to deny that plaintiff was

"eliminat[ed]" and to admit that, prior to the selection of the new Chief Information Security Officer in or about June 2006, plaintiff sought to have Mr. Vanderhoff curtail his assignment.

6. Defendant denies the allegations of paragraph 6.

7. This paragraph consists of a statement of plaintiff's motivations in filing his complaint and a summary of the relief he seeks, to which no response is required. To the extent an response is deemed required, the allegations are denied except to admit that plaintiff initiated this action, and has sought the relief identified in the Prayer for Relief in Plaintiff's Complaint. Defendant denies that it acted unlawfully and denies that plaintiff is entitled to the relief demanded in the Complaint or to any relief whatsoever.

8. Defendant admits the first sentence. Defendant denies the second sentence except defendant lacks knowledge or information sufficient to form a belief as to the truth of plaintiff's allegation that he resides at the address recited in the caption of the case, and admits that plaintiff served as Deputy Executive Director of the IRM during the alleged actions that gave rise to this Complaint and as acting Executive Director of the IRM during the time in which the some of the alleged actions that gave rise to this Complaint occurred.

9. Defendant admits the allegations of paragraph 9.

10. This paragraph consists of plaintiff's statement of subject matter jurisdiction and venue, which are conclusions of law to which no response is required. To the extent that a response is deemed required, defendant denies the allegations of this paragraph, except to admit that the actions at issue occurred in this judicial district.

11. Plaintiff's complaint does not contain a paragraph 11.

12.  Plaintiff's complaint does not contain a paragraph 12.

13.  Plaintiff's complaint does not contain a paragraph 13.

14.  Defendant denies the allegations in first sentence except to admit that plaintiff became a member of the Senior Foreign Service in November of 2005.  The second sentence of paragraph 14 contains plaintiff's characterization of 22 U.S.C. § 3901 to which no response is required but, insofar as an answer may be deemed required, the allegations are denied and the Court is respectfully referred to the cited statute for a complete and accurate statement of its contents.  Defendant denies the third sentence except to admit that the Senior Foreign Service is the corps of leaders and experts for the management of the Foreign Service and the performance of its functions.

15.  Defendant denies the allegations in first sentence except to admit that plaintiff became a member of the Senior Foreign Service in November of 2005 following a competitive selection process.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence. Defendant admits the allegations in the third sentence.

16.  Defendant denies the allegations in the first sentence except to admit that plaintiff has successfully passed examination by review boards at the Agency that require members of the Foreign Service and Senior Foreign Service to continue to advance under penalty of being removed.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence except to admit that members of the Senior Foreign Service have only six years in a particular grade to earn promotions under penalty of being retired involuntarily.

17.  Defendant denies the allegations in the first sentence of paragraph 17, except

-4-

to admit that plaintiff has served as Director of Information Resources Management at the Department's embassies in Panama, the Ivory Coast, and Senegal. Defendant denies the allegations in the second sentence of paragraph 17, except to admit that plaintiff played a role in the Liberia evacuation and post-Panama Canal Treaty drawdown, and that plaintiff worked in establishing a training program for foreign service officers and local employees from several African countries. Defendant admits the allegations of sentence 3 in this paragraph. Defendant denies the allegations of sentence 4 in this paragraph, except to admit plaintiff worked on the Foreign Affair Systems Integration pilot. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in sentence 5 of this paragraph.

18. Defendant admits the first sentence. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the second sentence of this paragraph.

19. Defendant denies the allegations set forth in paragraph 19 except to admit that during the period of plaintiff's employment with the Department of State plaintiff has received ratings of "satisfactory or better" on his annual performance ratings and received performance pay increases and awards that include the Department's Superior Honor Award and Meritorious Honor Awards.

20. Defendant denies the allegations in the first sentence, except to admit that plaintiff began his service as Deputy Executive Director of the IRM on May 16, 2005. Defendant denies the allegations in the second sentence, except to admit that plaintiff began serving as the acting Executive Director of the Information Resources Bureau in or about late January 2006.

21. Defendant admits the first sentence. Defendant denies the allegations set forth in the second sentence of paragraph 21.

22. Defendant admits the allegations of paragraph 22.

23. Defendant admits the allegations of the first sentence of paragraph 23. The second sentence of paragraph 23 contains plaintiff's characterization of Pub. Law No. 104-106 and Presidential Executive Order No. 13011, 61 Fed. Reg. 37657 (July 18, 1996) to which no response is required but, insofar as an answer may be deemed required, the allegations are denied and the Court is respectfully referred to the cited statute and Executive Order for a complete and accurate statement of their contents.

24. Defendant is without knowledge or information sufficient to form a belief as to the truth of plaintiff's assertion regarding the function of the CIO position at counter-part federal agencies. Defendant admits the remaining allegations of paragraph 24.

25. The IRM Executive Office no longer exists and defendant therefore denies the allegations of paragraph 25.

26. Defendant denies the allegations in this paragraph except to admit that, as Deputy Executive Director of IRM, plaintiff was the second senior-most manager in the IRM Executive Office; there were a number of IRM employees in the Executive Office of IRM who held positions subordinate to the Deputy Executive Director position, with that number varying depending on the date and current organizational structure of the office; at one time, plaintiff had eight direct reports charged with, among other things, overseeing program analysis, financial management, human resources, administrative services, procurement, and desktop systems; and plaintiff had the opportunity for professional interaction with some senior level officials in the Department of State.

27.  Defendant admits the allegations of paragraph 27.

28.  Defendant admits the allegations of paragraph 28.

29.  Paragraph 29 contains plaintiff's characterization of Public Law No. 107-347 (2002) and Public Law No. 100-235 (and subsequent legislation) to which no response is required but, insofar as an answer may be deemed required, the allegations are denied, and the Court is respectfully referred to the cited statutes for a complete and accurate statement of their contents.

30.  Defendant denies that the position of Chief Information Security Officer speaks on behalf of the Department of State to the Office of Management and Budget. Defendant admits the remaining allegations of paragraph 30.

31.  Defendant admits the allegations of paragraph 31.

32.  Defendant admits the allegations of paragraph 32.

33.  Defendant denies the allegations in this paragraph except to admit that plaintiff was a member of the Foreign Service when he was first selected for the position of Deputy Executive Director of the IRM Bureau.

34.  Defendant denies the allegations in the first sentence except to admit that plaintiff satisfied the selection criteria for the Senior Foreign Service and was appointed to the Senior Foreign Service in November 2005.  Defendant denies the allegations in the second sentence.

35.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 35.

36.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 36, except to admit that plaintiff

expressed to Mr. Vanderhoff on one or more occasions his interest in the position of Chief Information Security Officer.

37.  Defendant denies the first sentence except to admit that, in or about the fall of 2005, the incumbent Chief Information Security Officer Jane Scott Norris was scheduled for reassignment in summer 2006.  Defendant denies the allegations in the second sentence except to admit that, in or about April of 2006, Ms. Norris was appointed as Dean of the School of Applied Information Technology of the Foreign Service Institute.

38.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as set forth in paragraph 38, except to admit that Ms. Norris was plaintiff's direct supervisor during a portion of the period from 2003 to 2005.

39.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 39.

40.  Defendant denies the allegations in the first sentence of this paragraph except to admit that Ms. Norris advised Mr. Anania some months prior to when she vacated the Chief Information Security Officer position that she deemed plaintiff to be a viable candidate to succeed her, and advised Mr. Vanderhoff shortly after he became CIO-designate of plaintiff's interest in filling the Chief Information Security Officer position. Defendant denies the allegations in the second sentence except to admit that Mr. Anania indicated on the performance evaluation prepared for plaintiff for the period from May 1, 2005, through January 27, 2006, that he recommended that plaintiff seek the position of Chief Information Security Officer.

41.  Defendant denies the allegations in the first sentence except to admit that, in

November 2005, while serving as CIO designate, Mr. Vanderhoff attended a meeting during an IRM organizational conference in Vienna, Austria.  Defendant denies the allegations in the second sentence except to admit that, during that meeting, Mr. Vanderhoff announced his selections for a number of senior positions in the IRM Bureau. Defendant denies the allegations in the third sentence except to admit that a number of IRM officials were present at the meeting, including Jane Scott Norris, Robert Byrnes, and plaintiff.

42.  Defendant denies the allegations in the first sentence of paragraph 42, except to admit that in November 2005, within one week of meeting plaintiff, prior to assuming the position of Chief Information Officer, and prior to having the chance to evaluate the needs of the position and of the Bureau of Information Resource Management, James Vanderhoff indicated his understanding that plaintiff was the strongest candidate for the Chief Information Security Officer position.  Defendant denies the remaining allegations in this paragraph.

43.  Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph as plaintiff fails to indicate to whom he purportedly expressed his interest in and qualifications for the CISO position.

44.  Defendant denies the allegations of paragraph 44.

45.  Defendant denies the allegations in this paragraph except to admit that the Office Director for the Office of Information Assurance was converted from the Senior Foreign Service to the Senior Executive Service and that Mr. Streufert was eligible for the latter position.

46.  The first sentence of paragraph 46 contains plaintiff's characterization of the

content of a memorandum dated February 21, 2006, which speaks for itself; insofar as a response is deemed required, the allegations are denied and the Court is respectfully referred to the cited memorandum for a complete and accurate statement of its contents. Defendant denies the remaining allegations in this paragraph.

47.   Defendant denies the allegations set forth in paragraph 47 except to admit that plaintiff sent Mr. Vanderhoff an email with an attachment on February 21, 2006, and the Court is respectfully referred to the cited email for a complete and accurate statement of its contents.

48.   Defendant denies the allegations in the first sentence of this paragraph except to admit that plaintiff met with Mr. Vanderhoff in or about February 2006.  Defendant denies the allegations in the second and third sentences except to admit that, during the meeting, plaintiff made reference to statements made during the course of Under Secretary Fore's confirmation hearings and asked whether Under Secretary Fore was aware that she allegedly would be disadvantaging an African American if plaintiff were not selected for the Chief Information Security Officer position.

49.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of paragraph 49.  Defendant denies the second sentence except to admit that Mr. Vanderhoff reported plaintiff's comments to the Director of the Secretary's Office of Civil Rights.

50.   Defendant denies the allegations set forth in paragraph 50 except to admit that, by memorandum dated March 14, 2006, Mr. Vanderhoff denied plaintiff's request for a curtailment.

51.   This paragraph contains plaintiff's characterization of a memorandum by Mr.

Vanderhoff, dated March 14, 2006, which speaks for itself; insofar as a response may be deemed required, the allegations in this paragraph are denied, and the Court is respectfully referred to the cited memorandum for a complete and accurate statement of its contents.

52.    Defendant admits that the position of Executive Director has never been filled on a permanent basis.  Defendant further avers the position could not be filled after May 26, 2006, when applicants were notified by the Agency's Bureau of Human Resources that the vacancy announcement had been cancelled, based on the decision to transfer Executive Office of the Bureau of Information Resource Management ("IRM/EX") functions effective October 1, 2006.

53.    Paragraph 53 contains plaintiff's characterization of a memorandum by Mr. Vanderhoff, dated March 14, 2006, which speaks for itself;  insofar as a response may be deemed required, the allegations in this paragraph are denied, and the Court is respectfully referred to the cited memorandum for a complete and accurate statement of its contents.

54.    Defendant denies the allegations of paragraph 54, except to admit that the IRM Bureau was reorganized and the Executive Directorate was transferred to the Bureau of Administration.  The characterizations of minority employment as "overwhelming" and "by far the largest" are not susceptible of reasoned construction and the allegations using those phrases are therefore denied.

55.    Defendant denies the allegations in this paragraph except to admit that the IRM was reorganized, the responsibilities of the Deputy Executive Director and Executive Director positions in the IRM were transferred to individuals occupying those

positions in the Bureau of Administration, and the Executive Director of the Bureau of Administration was a non-minority female.

56. Defendant denies the allegations in this paragraph except to admit that, as Acting Executive Director of the IRM, plaintiff's duties on occasion included planning and implementing organizational changes in the IRM.

57. Defendant denies the allegations in this paragraph except to admit that Mr. Vanderhoff did not solicit (and was not required to solicit) plaintiff's views during the initial planning stages of the reorganization of the IRM but briefed plaintiff prior to implementation of the plan.

58. The first sentence of this paragraph contains plaintiff's characterization of a memorandum, dated April 20, 2006, from Mr. Vanderhoff to the Department of State's Executive Resources Board ("ERB"), which speaks for itself; insofar as a response may be deemed required, the allegations in this sentence are denied, and the Court is respectfully referred to the cited memorandum for a complete and accurate statement of its contents. Defendant denies the allegations set forth in the second sentence of paragraph 58, except to the extent it references changes to the position description made to reflect the shift in the position to the Senior Executive Service.

59. Defendant admits the allegations set forth in paragraph 59.

60. Defendant denies the allegations set forth in paragraph 60 except to admit that Mr. Vanderhoff convened a regional IRM Bureau organizational conference in or about early May 2006.

61. Paragraph 61 contains plaintiff's characterization of a memorandum, dated May 22, 2006, from plaintiff to Mr. Vanderhoff, which speaks for itself; insofar as a

response may be deemed required, the allegations in this paragraph are denied, and the Court is respectfully referred to the cited memorandum for a complete and accurate statement of its contents.

62.  Defendant denies the allegations in Paragraph 62 except to admit that the Executive Resources Board voted at its June 5, 2006 meeting to approve the reclassification of the position of Office Director for the Office of Information Assurance (CISO position) from a Senior Foreign Service position to a Senior Executive Service position.

63.  Defendant denies the allegation in the first sentence of this paragraph. Defendant admits the allegations in the second sentence.

64.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

65.  Defendant denies the allegations set forth in paragraph 65.

66.  Defendant denies the allegations set forth in this paragraph, except to admit that at some point within the relevant time frame, the positions of Director and Deputy Director for the SMART program became available.

67.  Defendant denies the allegations set forth in this paragraph except to admit that plaintiff sought and was approved for a detail in the Bureau of International Narcotics and Law Enforcement Affairs.

68.  Defendant denies the allegations of paragraph 68.

69.  The first sentence of paragraph 69 contains plaintiff's conclusions of law regarding timely exhaustion of administrative remedies to which no response is required but, insofar as a response may be deemed required, the allegations are denied.  Defendant

admits the allegations of the second sentence of paragraph 69.

70.   This paragraph contains plaintiff's conclusions of law regarding timely exhaustion of administrative remedies to which no response is required but, insofar as a response may be deemed required, the allegations of paragraph 70 are denied.

71.   Defendant hereby incorporates by reference her responses to the preceding paragraphs.

72.   Defendant admits the allegations of paragraph 72.

73.   Defendant denies the allegations of this paragraph, except to admit that following plaintiff's promotion to the Senior Foreign Service, plaintiff did not immediately receive a higher graded position commensurate with his newly acquired rank, and that plaintiff served in the same position that he held before he was promoted to the Senior Foreign Service.

74.   Defendant denies the allegations in this paragraph except to admit that the position of Chief Information Security Officer was advertised for bidding in August 2005 for the summer 2006 assignment cycle.

75.   Defendant denies the allegations of this paragraph, except to admit that plaintiff advised Mr. Vanderhoff and others in the Agency of his interest in the position of Chief Information Security Officer for the Department of State and that he reaffirmed that interest to one or more individuals.

76.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph except to admit that, on February 21, 2006, plaintiff requested that his assignment as Deputy Executive Director be curtailed.

77.   Defendant denies the allegations of paragraph 77.

-14-

78.  Defendant denies the allegations in this paragraph except to admit that Mr. Vanderhoff denied plaintiff's request to curtail his assignment as Deputy Executive Director of the IRM Bureau in a memorandum dated March 14, 2006.

79.  Defendant denies the allegations of paragraph 79.

80.  Defendant denies the allegations of paragraph 80, except to admit that Mr. Vanderhoff was aware of plaintiff's interest in the Chief Information Security Officer position, Mr. Vanderhoff denied plaintiff's curtailment request and Mr. Vanderhoff did not select plaintiff for the CISO position.

81.  Defendant denies the allegations of paragraph 81.

82.  Defendant denies the allegations of paragraph 82.

83.  Defendant denies the allegations of paragraph 83.

84.  Defendant denies the allegations of paragraph 84.

85.  Defendant denies the allegations of paragraph 85.

86.  Defendant hereby incorporates by reference her responses to the preceding paragraphs.

87.  Defendant admits the allegations of paragraph 87.

88.  Defendant denies the allegations of this paragraph, except to admit that following plaintiff's promotion to the Senior Foreign Service, plaintiff did not immediately receive a higher graded position commensurate with his newly acquired rank, and that plaintiff served in the same position that he held before he was promoted to the Senior Foreign Service.

89.  Defendant denies the allegations in this paragraph except to admit that the position of Chief Information Security Officer was advertised for bidding in August 2005

for the summer 2006 assignment cycle.

90. Defendant admits that plaintiff advised Mr. Vanderhoff and others in the Agency of his interest in the position of Chief Information Security Officer for the Department of State and that he reaffirmed that interest to one or more individuals. Defendant denies all remaining allegations set forth in paragraph 90.

91. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, except to admit that plaintiff requested that his assignment as Deputy Executive Director be curtailed.

92. Defendant denies the allegations of paragraph 92.

93. Defendant admits that Mr. Vanderhoff denied plaintiff's request to curtail his assignment as Deputy Executive Director of the IRM Bureau in a memorandum dated March 14, 2006. Defendant denies all remaining allegations set forth in paragraph 93.

94. Defendant denies the allegations of this paragraph, except to admit that on June 5, 2006, the ERB met and voted to reclassify the position of Chief Information Security Officer from the Senior Foreign Service to the Senior Executive Service.

95. Defendant denies the allegations of paragraph 95.

96. Defendant denies the allegations of paragraph 96, except to admit that Mr. Vanderhoff was aware of plaintiff's interest in the Chief Information Security Officer position, Mr. Vanderhoff denied plaintiff's curtailment request, the CISO position was reclassified to the Senior Executive Service and Mr. Streufert was ultimately selected for the CISO position.

97. Defendant denies the allegations of paragraph 97.

98. Defendant denies the allegations of paragraph 98.

99.  Defendant denies the allegations of paragraph 99.

100.  Defendant denies the allegations of paragraph 100.

101.  Defendant hereby incorporates by reference her responses to the preceding paragraphs.

102.  Defendant admits the allegations of paragraph 102.

103.  Defendant denies the allegations of this paragraph, except to admit that following plaintiff's promotion to the Senior Foreign Service, plaintiff did not immediately receive a higher graded position commensurate with his newly acquired rank, and that plaintiff served in the same position that he held before he was promoted to the Senior Foreign Service.

104.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph except to admit that, on February 21, 2006, plaintiff requested that his assignment as Deputy Executive Director be curtailed.

105.  Defendant denies the allegations of paragraph 105.

106.  Defendant denies the allegations in this paragraph except to admit that Mr. Vanderhoff denied plaintiff's request to curtail his assignment as Deputy Executive Director of the IRM Bureau in a memorandum dated March 14, 2006.

107.  Defendant denies the allegations of paragraph 107.

108.  Defendant denies the allegations of paragraph 108, except to admit that Mr. Vanderhoff was aware of plaintiff's interest in the Chief Information Security Officer position and Mr. Vanderhoff denied plaintiff's curtailment request.

109.  Defendant denies the allegations of paragraph 109.

110.  Defendant denies the allegations of paragraph 110.

-17-

111.  Defendant denies the allegations of paragraph 111.

112.  Defendant denies the allegations of paragraph 112.

113.  Defendant denies the allegations of paragraph 113.

114.  Defendant hereby incorporates by reference her responses to the preceding paragraphs.

115.  Defendant admits the allegations of paragraph 115.

116.  Defendant denies the allegations of this paragraph, except to admit that following plaintiff's promotion to the Senior Foreign Service, plaintiff did not immediately receive a higher graded position commensurate with his newly acquired rank, and that plaintiff served in the same position that he held before he was promoted to the Senior Foreign Service.

117.  Defendant denies the allegations in this paragraph except to admit that the position of Chief Information Security Officer was advertised for bidding in August 2005 for the summer 2006 assignment cycle.

118.  Defendant admits that plaintiff advised Mr. Vanderhoff and others in the Agency of his interest in the position of Chief Information Security Officer for the Department of State and that he reaffirmed that interest to one or more individuals. Defendant denies all remaining allegations set forth in paragraph 118.

119.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph except to admit that, on February 21, 2006, plaintiff requested that his assignment as Deputy Executive Director be curtailed.

120.  Defendant denies the allegations in this paragraph, except to admit that during a meeting that took place on or about February 21, 2006, plaintiff asserted that the

Agency would be disadvantaging an African American if plaintiff was not selected as the Chief Information Security Officer.

121.  Defendant denies the allegations of paragraph 121.

122.  Defendant denies the allegations of paragraph 122.

123.  Defendant denied the allegations in this paragraph except to admit that Mr. Vanderhoff denied plaintiff's request to curtail his assignment as Deputy Executive Director of the IRM Bureau in a memorandum dated March 14, 2006.

124.  Defendant denies the allegations of paragraph 124.

125.  Defendant denies the allegations of paragraph 125, except to admit that Mr. Vanderhoff was aware of plaintiff's interest in the Chief Information Security Officer position, Mr. Vanderhoff denied plaintiff's curtailment request and Mr. Vanderhoff did not select plaintiff for the CISO position.

126.  Defendant denies the allegations of paragraph 126.

127.  Defendant denies the allegations of paragraph 127.

128.  Defendant denies the allegations of paragraph 128.

129.  Defendant denies the allegations of paragraph 129.

130.  Defendant denies the allegations of paragraph 130.

131.  Defendant hereby incorporates by reference her responses to the preceding paragraphs.

132.  Defendant admits the allegations of paragraph 132.

133.  Defendant denies the allegations of this paragraph, except to admit that following plaintiff's promotion to the Senior Foreign Service, plaintiff did not immediately receive a higher graded position commensurate with his newly acquired

rank, and that plaintiff served in the same position that he held before he was promoted to the Senior Foreign Service.

134.  Defendant denies the allegations in this paragraph except to admit that the position of Chief Information Security Officer was advertised for bidding in August 2005 for the summer 2006 assignment cycle.

135.  Defendant admits that plaintiff advised Mr. Vanderhoff and others in the Agency of his interest in the position of Chief Information Security Officer for the Department of State and that he reaffirmed that interest to one or more individuals. Defendant denies all remaining allegations set forth in paragraph 135.

136.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph except to admit that, on February 21, 2006, plaintiff requested that his assignment as Executive Director be curtailed.

137.  Defendant denies the allegations in this paragraph, except to admit that during a meeting that took place on or about February 21, 2006, plaintiff asserted that the Agency would be disadvantaging an African American if plaintiff was not selected as the Chief Information Security Officer.

138.  Defendant denies the allegations of paragraph 138.

139.  Defendant denies the allegations of paragraph 139.

140.  Defendant denies the allegations in this paragraph except to admit that Mr. Vanderhoff denied plaintiff's request to curtail his assignment as Deputy Executive Director of the IRM Bureau in a memorandum dated March 14, 2006.

141.  Defendant denies the allegations of this paragraph, except to admit that on June 5, 2006, the ERB met and voted to reclassify the position of Chief Information

-20-

Security Officer from the Senior Foreign Service to the Senior Executive Service.

142.   Defendant denies the allegations of paragraph 142.

143.   Defendant denies the allegations of paragraph 143, except to admit that Mr. Vanderhoff was aware of plaintiff's interest in the Chief Information Security Officer position, Mr. Vanderhoff denied plaintiff's curtailment request, the CISO position was reclassified to the Senior Executive Service and Mr. Streufert was ultimately selected for the CISO position.

144.   Defendant denies the allegations of paragraph 144.

145.   Defendant denies the allegations of paragraph 145.

146.   Defendant denies the allegations of paragraph 146.

147.   Defendant denies the allegations of paragraph 147.

148.   Defendant hereby incorporates by reference her responses to the preceding paragraphs.

149.   Defendant admits the allegations of paragraph 149.

150.   Defendant denies the allegations of this paragraph, except to admit that following plaintiff's promotion to the Senior Foreign Service, plaintiff did not immediately receive a higher graded position commensurate with his newly acquired rank, and that plaintiff served in the same position that he held before he was promoted to the Senior Foreign Service.

151.   Defendant denies the allegations in this paragraph except to admit that the position of Chief Information Security Officer was advertised for bidding in August 2005 for the summer 2006 assignment cycle.

152.   Defendant admits that plaintiff advised Mr. Vanderhoff and others in the

Agency of his interest in the position of Chief Information Security Officer for the Department of State and that plaintiff reaffirmed that interest to one or more individuals. Defendant denies all remaining allegations set forth in paragraph 152.

153.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph except to admit that, on February 21, 2006, plaintiff requested that his assignment as Deputy Executive Director be curtailed.

154.  Defendant denies the allegations in this paragraph, except to admit that during a meeting that took place on or about February 21, 2006, plaintiff asserted that the Agency would be disadvantaging an African American if plaintiff was not selected as the Chief Information Security Officer.

155.  Defendant denies the allegations of paragraph 155.

156.  Defendant denies the allegations of paragraph 156.

157.  Defendant denies the allegations in this paragraph except to admit that Mr. Vanderhoff denied plaintiff's request to curtail his assignment as Deputy Executive Director of the IRM Bureau in a memorandum dated March 14, 2006.

158.  Defendant denies the allegations of paragraph 158.

159.  Defendant denies the allegations of paragraph 159, except to admit that Mr. Vanderhoff was aware of plaintiff's interest in the Chief Information Security Officer position and Mr. Vanderhoff denied plaintiff's curtailment request.

160.  Defendant denies the allegations of paragraph 160.

161.  Defendant denies the allegations of paragraph 161.

162.  Defendant denies the allegations of paragraph 162.

163.  Defendant denies the allegations of paragraph 163.

Defendant specifically denies all of the allegations in plaintiff's Complaint that she has not specifically admitted or otherwise answered.  Defendant further denies that plaintiff is entitled to the relief demanded in the Prayer for Relief or to any relief whatsoever.

WHEREFORE, defendant prays that:

1.     this action be dismissed with prejudice;

2.     plaintiff take nothing by this action;

3.     no injunctive, declarative or any other relief be awarded to plaintiff;

4.     the court enter judgment in favor of defendant; and

5.     the Court grant defendant such other and further relief as it deems just and proper.

Dated:  January 22, 2008                    Respectfully submitted,


OF COUNSEL:                                 JEFFREY S. BUCHOLTZ
                                            Acting Assistant Attorney General

PAUL S. VEIDENHEIMER
Attorney-Adviser                            JOSEPH W. LOBUE (D.C. Bar #293514)
Office of the Legal Adviser                 Assistant Branch Director
United States Department of State
                                              /s/ Isaac R. Campbell
                                            _____
                                            ISAAC R. CAMPBELL
                                            Trial Attorney
                                            United States Department of Justice
                                            Civil Division, Federal Programs Branch
                                            20 Massachusetts Avenue, N.W., Rm. 6130
                                            Washington, D.C.  20530
                                            Telephone: (202) 616-8476
                                            Facsimile: (202) 616-8460
                                            E-mail: isaac.campbell@usdoj.gov