UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **TERRENCE K. WILLIAMSON,** )<br>  )<br>　　Plaintiff, )<br>  )  Civ. Action No. 07-1471 (RJL)<br>　　v. )<br>  )<br>**CONDOLEEZZA RICE,** )<br>  )<br>　　Defendant. )<br>＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿ ) | |

### JOINT REPORT TO THE COURT

The parties hereby submit the following Joint Report to the Court, in accordance with Rule 16, Fed. R. Civ. P.; LCvR 16.3; and the Court's Case Management Order.

Plaintiff's Statement Of The Case:

This is an action by Terrence K. Williamson, an exceptionally capable African American Senior Foreign Service Officer who was passed over for a position of singular importance in the U.S. Department of State, Chief Information Security Officer, and had his future promotional opportunities greatly impaired by defendant, on account of race discrimination and retaliation.  Mr. Williamson was the most qualified member of the Department of State's Senior Foreign Service for selection as Chief Information Security Officer when it was scheduled to be vacant in 2006.  Rather than select Mr. Williamson, defendant reclassified the position out of the Senior Foreign Service to the Senior Executive Service, refused to take action that would have made Mr. Williamson eligible for the position, and filled the position without competition with a far less qualified non-minority

1

employee of another agency. Defendant then kept Mr. Williamson on acting assignment until after Ms. Williamson's office was slated to be abolished, by which time other career enhancing opportunities were non longer available. Mr. Williamson has initiated this action to challenge defendant's unlawful actions under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-16.

Defendant's Statement of the Case:

Defendant denies engaging in racial discrimination and retaliation against plaintiff, and has neither denied plaintiff a position nor prevented plaintiff from pursuing any other career opportunities on such grounds. Rather, defendant has selected the best qualified candidate for a specific position sought by plaintiff, in compliance with all required rules and regulations. Additionally, plaintiff has been afforded the chance to take advantage of all career opportunities for which he was eligible.

1.) Resolution By Dispositive Motion   Plaintiff takes the position that this case is unlikely to be resolved on a motion to dismiss.

Defendant takes the position that the case may be resolved on summary judgment. Defendant expects to file a dispositive motion after the close of discovery. Defendant believes the final pretrial conference and the trial should await a decision on the motion.

2.) Amendment of Pleadings: Neither party anticipates filing an amended pleading. Defendant believes that any joinder of other parties or amendment of the pleadings should be completed no later than March 5, 2008.

3.) Assignment to a Magistrate Judge: Plaintiff does not object to the assignment of this case to a Magistrate Judge for all purposes.

Defendant does not consent to the assignment of this case to a Magistrate Judge.

4.) <u>Settlement Possibility</u>:  Plaintiff believes that settlement discussions could bring about a resolution of this case and is prepared to engage in them at any time defendant is amenable.

Defendant does not foreclose the possibility of settlement, but views settlement talks as more likely to be productive after the close of discovery.

5.) <u>ADR</u>: Plaintiff believes that ADR would be a benefit in this case after the close of discovery.

Counsel for defendant has discussed alternative dispute resolution with defendant.  Defendant is unsure that this case would benefit from the Court's alternative dispute resolution (ADR) procedures or from any other form of ADR at this juncture, and seeks to revisit this issue after the close of discovery.

6.) <u>Resolution On Summary Judgment</u>: Plaintiff does not believe that this case can properly be resolved on summary judgment.

Defendant takes the position that the case may be resolved on summary judgment after the close of discovery.

Plaintiff proposes that summary judgment motions shall be filed on or before 210 days after the Court issues an Initial Scheduling Order; that oppositions shall be filed on or before 255 days after the Court issues an Initial Scheduling Order; and that replies shall be filed 270 days after the Court issues an Initial Scheduling Order.

Defendant proposes that dispositive motions should be filed within 30 days after the completion of all discovery (including expert discovery); that any opposition should be filed within 14 days of the

filing of the motion; and that any reply should be filed within 14 days of the filing of the opposition.

    7.) <u>Disclosures</u>:  The parties agree that initial disclosures required by the Federal Rules of Civil Procedure and the Local Rules of this Court are required and will be made.

    Plaintiff proposes that initial disclosures will be exchanged on or before 45 days after the Court issues an Initial Scheduling Order.

    Defendant proposes that initial disclosures be exchanged on or before 30 days after the Court issues an Initial Scheduling Order.

    Plaintiff proposes that the parties provide home addresses and telephone numbers of persons identified in disclosures, in order to facilitate service of process.

    Defendant proposes that the parties provide the information required under Fed. R. Civ. P. 26(a)(1).

    8.) <u>Extent of Discovery</u>:  Plaintiff proposes that discovery should begin on or before 60 days after the Court issues an Initial Scheduling Order and run for 180 days after the Court issues an Initial Scheduling Order.

    Defendant proposes that discovery should commence 30 days after the Court issues an Initial Scheduling Order.  Defendant proposes that fact discovery should run for five months after the Court issues an Initial Scheduling Order, and the completion of all discovery, including exchange of initial expert reports, rebuttal expert reports and depositions of experts should conclude within 90 days thereafter.

    The parties anticipate that complete development of an evidentiary record will require discovery to the extent permitted by the presumptive discovery limitations set out in the Federal Rules of

Civil Procedure, but at present, do not see a need to exceed those limitation.

9.) <u>Expert Witnesses</u>: Plaintiff proposes that expert disclosures, if any, will be made in accordance with the schedule provided under Rule 26(a)(2)(c), Fed. R. Civ. P.; and that, if experts are designated, they be deposed at mutually agreeable dates and times after disclosures are made.

Defendant proposes that initial expert reports should be exchanged within 30 days after the close of fact discovery, rebuttal expert reports should be exchanged within 60 days after the close of fact discovery, and the completion of the deposition of expert witnesses should be completed within 30 days thereafter.

10.) <u>Class Action Issues</u>: Not relevant.

11.) <u>Bifurcation of Liability and Damages</u>: The parties do not anticipate a need to bifurcate this matter.

12.) <u>Date for Pretrial Conference</u>: Plaintiff takes the position that a status conference should be scheduled after the close of discovery.

Defendant proposes that a pretrial conference should be scheduled, if necessary, after the close of discovery and 30 days after the Court's decision on dispositive motions.

13.) <u>Trial Date</u>: The parties agree that a firm trial date should be set at a status conference after the conclusion of summary judgment proceedings.

14.) <u>Other Matters</u>: Counsel for both parties are committed to working cooperatively with one another to stipulate to the entry of a protective order needed to guarantee the confidentiality, and to permit the discovery and disclosure, of information covered by the

Privacy Act, 5 U.S.C. §552a, and to take account of scheduling conflicts and other issues that may arise during the course of this case that are not presently foreseen.

Additionally, plaintiff seeks to obtain a protective order covering other statutes affecting privacy and confidentiality of parties and witnesses in litigation of this nature.


SO STIPULATED:



_____
Robert C. Seldon, Esq.
  D.C. Bar No. 245100
Molly E. Buie, Esq.
  D.C. Bar No. 483767
Robert C. Seldon & Associates, P.C.
1319 F Street, N.W., Suite 200
Washington, D.C.  20004
Phone (202) 393-8200
Fax (202) 318-2287

Counsel For Plaintiff



Joseph Lobue (D.C. Bar #293514)
Assistant Branch Director

    /s/
_____
Isaac R. Campbell
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, N.W., Rm. 6130
Washington, D.C.  20530
Telephone: (202) 616-8476
Facsimile: (202) 616-8460
E-mail: isaac.campbell@usdoj.gov

Counsel for Defendant

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **TERRENCE K. WILLIAMSON,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civ. Action No. 07-1471 (RJL) |
| v. | ) |
| | ) |
| **CONDOLEEZZA RICE,** | ) |
| | ) |
| Defendant. | ) |
| | ) |

### [PLAINTIFF'S] PROPOSED ORDER

Upon consideration of the parties' Joint Report To The Court, and the entire record in this matter; it is hereby:

ORDERED that initial disclosures shall be made no later than 45 days from the entry of an Initial Scheduling Order. Parties shall provide home addresses and telephone numbers of persons identified in disclosures, in order to facilitate service of process.

ORDERED that discovery in this case shall commence 60 days after the Court issues an Initial Scheduling Order and run for 180 days after the Court issues an Initial Scheduling Order.

ORDERED that expert disclosures, if any, will be made in accordance with the schedule provided under Rule 26(a)(2)(c), Fed. R. Civ. P.; and that, if experts are designated, they be deposed at mutually agreeable dates and times after disclosures are made.

ORDERED that summary judgment motions shall be filed on or before 210 days after the Court issues an Initial Scheduling Order; that oppositions shall be filed on or before 255 days after the Court

issues an Initial Scheduling Order; and that replies shall be filed 270 days after the Court issues an Initial Scheduling Order.

ORDERED that Counsel for both parties are to continue working cooperatively with one another to prepare routine protective orders needed to facilitate discovery, and to take account of scheduling conflicts and other issues that may arise during the course of this case.

ORDERED that the presumptive limits on discovery set forth in Rules 30 and 33, Fed. R. Civ. P., shall be in effect, absent agreement of the parties and/or leave of Court.

FURTHER ORDERED that the parties shall appear for a status conference before the undersigned on _____ \_\_\_\_, 2008.

       SO ORDERED this \_\_\_\_ day of _____, 2008.

          _____
          United States District Judge

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **TERRENCE K. WILLIAMSON,** )<br>)<br>    **Plaintiff,**          )<br>                            )   Civ. Action No. 07-1471 (RJL)<br>        v.                  )<br>                            )<br>**CONDOLEEZZA RICE,**       )<br>                            )<br>    **Defendant.**          )<br>_____) | |

### [DEFENDANT'S] PROPOSED ORDER

Upon consideration of the parties' Joint Report To The Court, and the entire record in this matter; it is hereby:

ORDERED that any joinder of the parties or amendment of the pleading shall be completed no later than March 5, 2008.

ORDERED that initial disclosures shall be made no later than 30 days from the entry of an Initial Scheduling Order.  Parties shall provide the information required under Fed. R. Civ. P. 26(a)(1).

ORDERED that discovery in this case shall commence 30 days after the Court issues an Initial Scheduling Order.  Fact discovery shall run for five months after the Court issues an Initial Scheduling Order, and the completion of all discovery, including the exchange of initial expert reports, rebuttal expert reports and depositions of experts shall conclude within 90 days thereafter.

ORDERED that initial expert reports shall be exchanged within 30 days after the close of fact discovery, rebuttal expert reports shall be exchanged within 60 days after the close of fact discovery, and the

completion of the deposition of expert witnesses shall be completed within 30 days thereafter.

ORDERED that dispositive motions shall be shall be filed within 30 days after the completion of all discovery (including expert discovery); that any opposition shall be filed within 14 days of the filing of the motion; and that any reply shall be filed within 14 days of the filing of the opposition.

ORDERED that the presumptive limits on discovery set forth in Fed. R. Civ. P. 30 and 33 shall be in effect, absent agreement of the parties and/or leave of Court.

FURTHER ORDERED that the parties shall appear for a status conference before the undersigned on _____ \_\_\_\_, _____.

SO ORDERED this \_\_\_\_ day of _____, 2008.

_____
United States District Judge